1  MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
   By: V. Raymond Swope III, Deputy (SBN 135909)
2  By: Claire A. Cunningham, Deputy (SBN 226941)
   Hall of Justice and Records
3  400 County Center, 6th Floor
   Redwood City, CA  94063
4  Telephone:  (650) 363-4795
   Facsimile:  (650) 363-4034
5  E-mail:  ccuningham@co.sanmateo.ca.us

6  Attorneys for Defendant
   COUNTY OF SAN MATEO, erroneously sued
7  Herein as "San Mateo County Probation Department"

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  VINCENT OBIAJULU                    | Case No. C 07-03870 CW

13          Plaintiffs,                 | NOTICE OF MOTION AND MOTION BY
                                        | DEFENDANT COUNTY OF SAN MATEO
14      vs.                             | TO DISMISS PURSUANT TO FED. R. CIV.
                                        | P. 12(b)(6) AND 12(b)(1), OR, IN THE
15  COUNTY OF SAN MATEO                 | ALTERNATIVE, MOTION TO STRIKE
                                        | PURSUANT TO FED. R. CIV. P. 12(f) AND
16          Defendant.                  | A MOTION FOR A MORE DEFINITE
                                        | STATEMENT PURSUANT TO FED. R.
17                                      | CIV. P. 12(e)

18                                                  Hearing:

19                                      | Date:    December 13, 2007
                                        | Time:    2:00 p.m.
20                                      | Dept:    Ctrm 2, 4th Floor

21                                              (Hon. Claudia Wilken)

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................................1

I.      INTRODUCTION...........................................................................................................................1

II.     STATEMENT OF FACTS ...........................................................................................................2

     A.     **Time-Barred Allegations** ...........................................................................................3

     B.     **Allegations Falling Within the First Actionable Period**................................4

     C.     **Allegations Falling Within the Second Actionable Period**..........................4

III.    ARGUMENT.................................................................................................................................4

     A.     Legal Standards for Motions to Dismiss and Motion to Strike ........................4

          1.     Rule 12(b)(6) motion to dismiss ...........................................................4

          2.     Rule 12(b)(1) motion to dismiss ...........................................................5

          3.     Rule 12(f) motion to strike.....................................................................5

     B.     Plaintiff's Title VII Causes of Action Must be Dismissed Because He Failed to Plead Facts Sufficient to State Causes of Action for Discrimination, Harassment or Retaliation. ......................................................................................................6

          1.     Plaintiff Improperly Relies on Time-Barred Factual Allegations..........6

          2.     Plaintiff Fails to State a Cause of Action for Discrimination................7

          3.     Plaintiff Fails to State a Cause of Action for Harassment and Retaliation...........8

     C.     Plaintiff's FEHA Causes of Action Must be Dismissed Because He Failed to Exhaust His Administrative Remedies ...............................................................9

          1.     This Court Lacks Jurisdiction to Hear Plaintiff's FEHA Causes of Action ..........9

          2.     Plaintiff May Not Assert a Cause of Action for Gender Discrimination, Harassment or Retaliation Because He Failed to Raise the Claim to the DFEH ..................................................................................................10

          3.     Plaintiff Improperly Relies on Time-Barred Factual Allegations to Support His FEHA Causes of Action. ..................................................10

     D.     Plaintiff's Prayer for Exemplary or Punitive Damages Must Be Stricken Because Punitive Damages May Not be Assessed Against the County .........................10

IV.    CONCLUSION ..........................................................................................................................11

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

## CASES

4

## California Cases

5

*Martin v. Lockheed Missiles & Space Co., Inc.*
    29 Cal.App.4th 1718 (1994) ...........................................................................................5, 9, 10

6

*Yanowitz v. L'Oreal USA, Inc.,*
    36 Cal.4th 1028, 1044 (2005) ...................................................................................................9

7

8

*Yurick v. Superior Court,*
    209 Cal.App.3d 1116 (1989) ..................................................................................................10

9

## Federal Cases

10

*Cahill v. Liberty Mut. Ins. Co.,*
    80 F.3d 336, 337-338 (9th Cir. 1996) ......................................................................................2

11

12

*Clegg v. Cult Awareness Network,*
    18 F.3d 752, 754 (9th Cir.1994) ...............................................................................................5

13

*Conley v. Gibson,*
    355 U.S. 41, 45-46 (1957) .....................................................................................................5, 7

14

15

*Jones v. Community Redev. Agency,*
    733 F.2d 646, 649 (9th Cir. 1984) .........................................................................................7, 8

16

*Kokkonen v. Guardian Life Ins. Co.,*
    511 U.S. 375, 377 (1994) .........................................................................................................5

17

18

*LeDuc v. Kentucky Central Life Ins. Co.,*
    814 F.Supp. 820, 830 (N.D.Cal. 1992) ...................................................................................5

19

*McGinest v. GTE Serv. Corp.,*
    360 F.3d 1103, 1122 (9th Cir. 2004) .......................................................................................7

20

*McNutt v. General Motors Acceptance Corp.,*
    298 U.S. 178, 189 (1936) .........................................................................................................5

21

22

*National R.R. Passenger Corp. v. Morgan,*
    536 U.S. 101, 114 (2002) ("*Morgan*") ..................................................................................6, 7

23

*Nuss v. Pan Am. World Airways, Inc.,*
    634 F.2d 1234, 1236 (9th Cir. 1980) .......................................................................................6

24

25

*Passantino v. Johnson & Johnson Consumer Products, Inc.,*
    212 F.3d 493, 506 (9th Cir. 2000) ...........................................................................................9

26

*Robertson v. Dean Witter Reynolds, Inc.,*
    749 F.2d 530, 533-34 (9th Cir. 1984) ......................................................................................5

27

28

1

**TABLE OF AUTHORITIES**: (continued)                                    Page(s)

2   *Rodriguez v. Airborne Express*,
3       265 F.3d 890, 896 (9th Cir. 2001) ...................................................................6

    *Sidney-Vinstein v. A.H. Robins Co.*,
4       697 F.2d 880, 885 (9th Cir.1983) ...............................................................5, 6

5   *St. Mary's Honor Center v. Hicks*,
        509 U.S. 502, 506 (1993) .............................................................................7
6
    *State Personnel Board v. Fair Employment and Housing Comm'n*,
7       39 Cal.3d 422, 434 (1985) (FEHA); ..........................................................11

8   *Thornhill Publishing Co. v. General Telephone Electronics*,
        594 F.2d 730, 733 (9th Cir.1979) ...............................................................5
9
    *Western Mining Council v. Watt*,
10      643 F.2d 618, 624 (9th Cir. 1981) ...............................................................3

11  *Wilkerson v. Butler*,
        229 FRD 166, 172 (E.D.Cal. 2005) ............................................................6
12
    *Yamaguchi v. United States Dept. of Air Force*,
13      109 F.3d 1475, 1481 (9th Cir. 1997) ...........................................................7

14  **Statutes**

15  Cal. Gov't Code § 818 ........................................................................................11

16  Cal. Gov't. Code § 12960 ...........................................................................6, 9, 10

17  Cal. Gov't. Code § 12960 ........................................................................... passim

18  Civil Code
        Section 3294 .......................................................................................11
19
    Rule 12(b)(1)......................................................................................1, 2, 5, 10
20
    Rule 12(b)(6)...........................................................................................1, 2, 4
21
    Rule 12(e)................................................................................................1, 8, 9
22
    Rule 12(f).....................................................................................................1, 5
23
    **Other Authorities**
24
    Title VII
25      42 U.S.C. §§ 2000e et seq. ................................................................ passim

26      42 U.S.C. § 1981a(b)  ..............................................................................11

27

28

1

**NOTICE OF MOTION AND MOTION**

2

**TO:     PLAINTIFF VINCENT OBIAJULU AND HIS ATTORNEYS OF RECORD:**

3        PLEASE TAKE NOTICE that on December 13, 2007 at 2:00 a.m., or as soon thereafter as the

4   matter can be heard in Courtroom 2, 4th Floor, of the above-entitled court, located at 1301 Clay Street,

5   Oakland, California, defendant County of San Mateo (the "County") will, and hereby does move for

6   dismissal of the Complaint on the ground that Plaintiff's allegations fail to state claims for

7   discrimination, harassment or retaliation upon which relief can be granted and they fail to establish this

8   Court's jurisdiction over the FEHA claims.  In the alternative, the County moves to strike the time-barred

9   allegations in the complaint and the prayer for exemplary and punitive damages, which are not permitted

10  against a government entity as a matter of law.  The County also moves in the alternative for a more

11  definite statement of Plaintiff's first and second causes of action because they are so vague and

12  ambiguous that the County cannot reasonably be required to respond to them.  This Motion is based on

13  Rule 12(b)(6), Rule 12(b)(1), Rule 12(f) and Rule 12(e) of the Federal Rules of Civil Procedure, this

14  Notice of Motion and Motion, the Memorandum of Points and Authorities below and any other matters

15  the Court deems relevant.

16

**MEMORANDUM OF POINTS AND AUTHORITIES**

17

**I.     INTRODUCTION**

18        In his complaint ("Complaint") dated August 23, 2007[1], Plaintiff Vincent Obiajulu ("Plaintiff")

19  attempts to plead several causes of action for alleged violations of Title VII (42 U.S.C §§ 2000e et seq.)

20  and the FEHA (Cal. Gov't Code §§ 12900 et seq.) against his current employer, the San Mateo County

21  Probation Department.[2]  However, each cause of action must be dismissed for failing to state a claim

22  upon which relief can be granted or because this Court lacks jurisdiction over the claim due to Plaintiff's

23

---

24  [1] The complaint served on the County is dated August 23, 2007, even though it was apparently filed on
    July 27, 2007.  It is unclear why there is a date discrepancy - whether Plaintiff served a different

25  complaint on the County than the one he filed with the Court or whether the complaint filed in July was
    erroneously dated August 23rd.  The County is unable to compare the two complaints because the version

26  filed with the Court on July 27, 2007 is not yet available on PACER

27  [2] Plaintiff erroneously sued the San Mateo County Probation Department, which is not a separate legal
    entity and does not have the capacity to sue or be sued.

28

Case No. C 07-03870 CW

NOT OF MTN & MTN BY DEF CSM TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE
& A MTN FOR A MORE DEFINITE STATEMENT

1  failure to exhaust his administrative remedies.

2      Plaintiff's first and second causes of action allege national origin discrimination, harassment and
3  retaliation in violation of Title VII. These claims must be dismissed because none of the incidents upon
4  which they are based are actionable as a matter of law – each occurred well over a year before Plaintiff
5  filed his charges with the DFEH and the EEOC and are therefore not within the statutory period. Part
6  III(B)(1)-(3). Furthermore, the first cause of action fails to allege that Plaintiff was harassed; it simply
7  states that he was discriminated against. Similarly, the second cause of action does not actually allege
8  that Plaintiff was retaliated against; it simply repeats the first cause of action and alleges discrimination.
9  The County moves to dismiss these causes of action on the basis that Plaintiff failed to properly allege
10 any incidents of discrimination, harassment or retaliation within the actionable period. In the alternative,
11 the County moves for a more definite statement regarding Plaintiff's harassment and retaliation claims
12 because they are so vague and ambiguous that the County cannot reasonably be expected to frame a
13 responsive pleading.

14     Plaintiff's third and fourth causes of action allege national origin and gender discrimination,
15 harassment and retaliation in violation of the Fair Employment and Housing Act ("FEHA"). However,
16 the Court lacks jurisdiction over these claims because Plaintiff failed to exhaust his administrative
17 remedies by obtaining a right-to-sue letter from the DFEH. Part III(C)(1). Further, his gender-based
18 claims are barred because he failed to raise them before the DFEH. Part III(C)(2). Consequently, the
19 County moves to dismiss these causes of action under Rule 12(b)(1) for lack of jurisdiction.

20     Lastly, Plaintiff's prayer for damages improperly includes a demand for punitive damages which
21 are not available against a public entity as a matter of law. Part III(D). The County moves to strike this
22 portion of the prayer because it is contrary to California law.

23 **II.  STATEMENT OF FACTS**

24     For a motion based on Federal Rule of Civil Procedure 12(b)(6), the facts alleged in the complaint
25 must be construed in the light most favorable to the plaintiff, and accepted as true. *Cahill v. Liberty Mut.*
26 *Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Therefore, the following summary is based entirely on
27 the factual allegations contained the Complaint, even though many are indeed false. However, a court
28 need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal

allegations cast in the form of factual allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).

In May of 2001, Plaintiff applied for a Group Supervisor II ("GSII") position with the Probation Department. Complaint, ¶ 5. On September 17, 2001, the Camp Glenwood director offered Plaintiff a GSI position with a promise to promote him to a GSII position if one became available. Complaint, ¶ 7. Plaintiff accepted the GSI position and began working at Camp Glenwood the next day. *Id.*

## A.   Time-Barred Allegations

A few months later, Glen Sugiyama was hired as a GSII. Complaint, ¶ 8. When Plaintiff asked the Camp director why someone else was hired for this position, he was informed that his name had expired and was expunged from the active list of candidates. *Id.*

In January of 2001, Plaintiff learned that a GSII position would be opening up and he wrote a letter to the director of the Camp requesting that he be considered for the position.[3] Complaint, ¶ 9. However, Plaintiff does not allege that he actually applied for the position. *Id.* In any event, he was not promoted at that time. Complaint, ¶ 10. On April 1, 2002, Plaintiff trained Brian Barber who subsequently was promoted to GSIII and became one of Plaintiff's supervisors. Complaint, ¶ 12. During this time period, other individuals were promoted over Plaintiff. Complaint, ¶ 12. Plaintiff speculates that this was due to his national origin, but does not allege any facts upon which he bases this speculation. *Id.*

On March 17, 2004, Plaintiff expressed interest in participating in a position rotation but he never received a reply. Complaint, ¶ 14.   On November 26, 2004, Plaintiff e-mailed a letter to Camp director Cindy Crowe-Urgo stating that he was being discriminated against. Complaint, ¶ 15. Although Plaintiff sent this letter to Ms. Crowe-Urgo, Plaintiff alleges that Institutional Service Manager ("ISM") Sheree Calhoun inexplicably learned of the letter and "started putting damaging documents in Plaintiff's personnel file." *Id.*

---

[3] This date appears to be a typographical error because Plaintiff was not hired until September of 2001.

On November 26, 2004, Plaintiff met with Ms. Calhoun and asked why he was not given a chance to rotate into the lead position. Complaint, ¶ 16. She told him that she "only chooses people she likes for a lead staff position." *Id.* Plaintiff also alleges that her decision against rotating him into the lead position was because of his accent, stating "I am not going to make you a lead because no one can understand you." *Id.*

### B. Allegations Falling Within the First Actionable Period

On March 18, 2005, Plaintiff met with the new Camp director, Maryanne O'Shea, and they had a cordial meeting. Complaint, ¶ 17. Plaintiff met with Ms. O'Shea a second time in late May or early June, 2005 and Plaintiff believed she appeared hostile towards him and that she insinuate he was a liar. Complaint, ¶ 18.

On June 12, 2005, Plaintiff complained to ISM Johnson that he was being discriminated against by Ms. Calhoun on the basis of his nationality. Complaint, ¶ 20. On June 14, 2005, he called a County attorney to complain about Ms. Calhoun. Complaint, ¶ 21. Plaintiff does not, however, allege any instances of discrimination, he simply states that he complained to various people. On June 16, 2005, Plaintiff reviewed his personnel file and became upset at how "voluminous" it was. Complaint, ¶ 22.

On December 24, 2005, Plaintiff filed a charge of discrimination with the DFEH and the EEOC. Complaint, ¶ 24. On May 18, 2007, the EEOC issued Plaintiff a right-to-sue letter concerning this charge of discrimination.

### C. Allegations Falling Within the Second Actionable Period

After Plaintiff filed his first EEOC charge, he applied for four positions and was rejected from each of these positions. Complaint, ¶ 25. On June 1, 2007, Plaintiff filed a second charge of discrimination with the DFEH and the EEOC. Complaint, ¶ 26. The EEOC issued Plaintiff a second right-to-sue letter on July 6, 2007. *Id.*

## III. ARGUMENT

### A. Legal Standards for Motions to Dismiss and Motion to Strike

#### 1. Rule 12(b)(6) motion to dismiss

A complaint may be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under

1  a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter*

2  *Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For the purposes of a motion to dismiss, all

3  allegations of material fact in the complaint are taken as true and construed in the light most favorable to

4  the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.1994). A complaint

5  should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support

6  of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. However, the Court "is not required

7  to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably

8  be drawn from the facts alleged." *Id.* at 754-55.

9                        **2.        Rule 12(b)(1) motion to dismiss**

10           A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the

11  basis that the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule

12  8(a). A plaintiff bears the burden to establish jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*,

13  511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient

14  allegations to show a proper basis for the court to assert jurisdiction over an action. *McNutt v. General*

15  *Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); F.R.Civ.P. 8(a)(1). When a defendant challenges

16  jurisdiction facially, all material allegations in the complaint are assumed true, and the question for the

17  court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill*

18  *Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir.1979). As described in

19  greater detail below, the Court does not have jurisdiction over Plaintiff's FEHA causes of action because

20  he failed to exhaust his administrative remedies, which is a jurisdictional, not a procedural defect.

21  *Martin v. Lockheed Missiles & Space Co.*, 61 Cal.App.4th 1718, 1724 (1994).

22                        **3.        Rule 12(f) motion to strike**

23           Lastly, Rule 12(f) empowers a Court to "order stricken from any pleading ... any redundant,

24  immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the

25  matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v.*

26  *Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D.Cal. 1992). "[T]he function of a [Rule] 12(f)

27  motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious

28  issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880,

885 (9th Cir.1983).  Also, a motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law.  *Wilkerson v. Butler*, 229 FRD 166, 172 (E.D.Cal. 2005).

**B.    Plaintiff's Title VII Causes of Action Must be Dismissed Because He Failed to Plead Facts Sufficient to State Causes of Action for Discrimination, Harassment or Retaliation.**

**1.    Plaintiff Improperly Relies on Time-Barred Factual Allegations.**

Administrative exhaustion is a prerequisite to filing suit under both Title VII and the FEHA.[4] *Nuss v. Pan Am. World Airways, Inc.*, 634 F.2d 1234, 1236 (9th Cir. 1980) (Title VII); *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001) (FEHA).  In California, a party alleging discrimination under Title VII must file a charge of discrimination with the EEOC within 300 days of the allegedly unlawful employment practice.  *Nuss*, 634 F.2d at 1236; 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d).  For discriminatory promotional decisions, the claim accrues when the decision is made or the aggrieved employee learns the employer has promoted someone else.  *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("*Morgan*").  As the Supreme Court explained in *Morgan*:

> Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act.  *Only incidents that took place within the timely filing period are actionable.*  The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred.

*Id.* at 114 (emphasis added).  Thus, all of Plaintiff's allegations relating to alleged incidents occurring outside the statutory period are time-barred.

Plaintiff alleges that he filed charges with the EEOC and DFEH on December 24, 2005 and again on June 1, 2007.  Complaint, ¶¶ 24, 26.  Accordingly, only incidents occurring between February 27, 2005 and December 24, 2005 (the first actionable period) and August 5, 2006 and June 1, 2007 (the second actionable period) are allowed under Title VII.  However, the vast majority of Plaintiff's factual allegations occurred before the first actionable period began.  *See* Complaint, ¶¶ 8-16.  These factual

---

[4] Administrative exhaustion required by the FEHA is discussed in greater detail in Part III(C), *infra* with regard to Plaintiff's third and fourth causes of action.

1  allegations – describing alleged incidents that occurred from late 2001 until November 2004 – all took

2  place outside the relevant time period and consequently cannot be considered in support of Plaintiff's

3  causes of action. *Morgan*, supra, 536 U.S. at 109. The remaining factual allegations, contained in

4  paragraphs 17 through 26, are insufficient as a matter of law to state a cause of action for discrimination,

5  harassment and retaliation.

6  A complaint may not simply allege a wrong has been committed and demand relief. The

7  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds

8  upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Dept. of

9  Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules

10  of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and

11  succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must

12  allege with at least some degree of particularity overt facts which defendant engaged in to support

13  plaintiff's claim. *Id.* Here, in contrast, Plaintiff relies on time-barred factual allegations and speculation

14  to support his causes of action.

15  ## 2. Plaintiff Fails to State a Cause of Action for Discrimination

16  To state a prima facie case for discrimination in promotions, Plaintiff must plead four elements:

17  (1) he belongs to a protected class; (2) he was qualified for the position to which he wished to be

18  promoted; (3) he was denied a promotion to that position; and (4) the job went to someone outside the

19  protected class. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993); *McGinest v. GTE Serv.

20  Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004).

21  Plaintiff does not allege *any* discriminatory incidents during the first actionable period, February

22  27, 2005 through December 24, 2005. Complaint, ¶¶ 17-24. Instead, he describes three incidents that

23  fall far short of meeting the elements of discrimination described above. First, Plaintiff describes a

24  conversation with new Camp director which he perceived to be hostile because the director "insinuated"

25  that he was a liar. Complaint, ¶ 18. Second, Plaintiff states that he *complained about* being

26  discriminated against to various people, but he does not allege any actual instances of discrimination.

27  Complaint, ¶¶ 20-21. Lastly, he describes how he became upset when he reviewed his personnel file.

28  Complaint, ¶ 22. Conspicuously absent are *any* allegations during the first actionable period that

1   Plaintiff applied for a promotion for which he was qualified and the position went to someone outside the

2   protected class. Thus, Plaintiff fails to state a cause of action for discrimination during the first

3   actionable period.

4          With regard to the second actionable period, August 5, 2006 through June 1, 2007, Plaintiff fares

5   somewhat better in that he alleges he applied for certain positions and was not promoted, but he still fails

6   to state a prima facie case of discrimination because he does not allege that the positions he applied for

7   went to a member outside the protected class. Complaint, ¶ 25. Consequently, Plaintiff's first cause of

8   action for discrimination in violation of Title VII must be dismissed because Plaintiff failed to allege the

9   elements of the cause of action.

10         **3.**      **Plaintiff Fails to State a Cause of Action for Harassment and Retaliation**

11          Although Plaintiff's first cause of action is entitled "Discrimination *and Harassment* in Violation

12   of Title VII," he only alleges discrimination in failing to promote Plaintiff. Complaint, ¶ 28 (stating

13   "Defendant's conduct, as set forth above, violated Title VII's prohibition against *discrimination*")

14   (emphasis added). Mere mention of the word "harassment" in the title of a cause of action while

15   ignoring the issue in the rest of the Complaint is insufficient to state a cause of action on that ground. As

16   noted above, a complaint may not simply allege a wrong has been committed and demand relief.

17   Plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to

18   support plaintiff's claim. *Jones, supra*, 733 F.2d at 649. Plaintiff's Complaint fails to make any mention

19   of harassment other than the title of the cause of action and must be dismissed as a result. To the extent

20   that Plaintiff does intend to state a cause of action for harassment, the County moves for a more definite

21   statement under Federal Rule of Civil Procedure 12(e) as this claim is so vague and ambiguous that the

22   County cannot reasonably be expected to frame a responsive pleading.

23          Similarly, Plaintiff's second cause of action, entitled "Retaliation in Violation of Title VII" also

24   fails to allege that the County retaliated against Plaintiff. It simply repeats the first cause of action in

25   stating, "Defendant's conduct, as set forth above, violated Title VII's prohibition against *discrimination*."

26

27

28

Complaint, ¶ 32.  The Complaint also fails to allege any instances of retaliation.[5]  To the extent Plaintiff intends to state a cause of action for retaliation, the County moves for a more definite statement under Federal Rule of Civil Procedure 12(e) because this claim is so vague and ambiguous that the County cannot reasonably be expected to frame a responsive pleading.

**C.    Plaintiff's FEHA Causes of Action Must be Dismissed Because He Failed to Exhaust His Administrative Remedies**

**1.    This Court Lacks Jurisdiction to Hear Plaintiff's FEHA Causes of Action**

The Complaint fails to establish this Court's jurisdiction over Plaintiff's FEHA causes of action because it does not allege that Plaintiff exhausted his administrative remedies by obtaining a right-to-sue letter from the DFEH before filing suit.  Complaint, ¶¶ 24, 26.  Although charges filed with one agency may be deemed filed with the other, if the employee intends to file suit on discrimination claims under both federal and state law, a right-to-sue letter must be obtained from *both* the EEOC and the DFEH. *Martin v. Lockheed Missiles & Space Co., Inc.* (1994) 29 Cal.App.4th 1718, 1726 ("*Martin*").  *Martin* explains:

> [A]n EEOC right-to-sue notice satisfies the requirement of exhaustion of administrative remedies *only* for purposes of an action based on title VII. Inasmuch as Martin elected to base her action not on title VII, but on the Fair Employment and Housing Act, the EEOC right-to-sue notice technically did not satisfy the jurisdictional requirement that Martin have exhausted her administrative remedies as to the asserted violations of the California statute.

*Id.* (emphasis in original).  Therefore, failure to exhaust administrative remedies by obtaining a right-to-sue letter from the DFEH is a jurisdictional, not a procedural, defect that prevents the trial court from hearing the claim.  *Id.*

This jurisdictional limitation is necessary to allow the DFEH to pursue the "vital policy interests embodied in [the Act], *i.e.*, the resolution of disputes and elimination of unlawful employment practices

---

[5] It is possible that Plaintiff intends to allege that the failure to promote was both discriminatory and retaliatory.  If that is the case, Plaintiff must also allege a causal link between the protected activity and the Probation Department's decision not to promote him.  *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000) (under Title VII); *Yanowitz v. L'Oreal USA, Inc.,* 36 Cal.4th 1028, 1044 (2005) (under FEHA).

by conciliation. [Citations.]" *Id.* at 1728, citing *Yurick v. Superior Court*, 209 Cal.App.3d 1116, 1123

(1989). In other words, Plaintiff's failure to obtain a right-to-sue letter from the DFEH divests this court

of jurisdiction to hear Plaintiff's FEHA causes of action. As a result, the County moves to dismiss the

third and fourth causes of action for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### 2.    Plaintiff May Not Assert a Cause of Action for Gender Discrimination, Harassment or Retaliation Because He Failed to Raise the Claim to the DFEH

The third and fourth causes of action also appear to allege gender discrimination in violation of

the FEHA. *See* Complaint, ¶¶ 36, 40 (stating the FEHA "prohibits employment discrimination and

harassment on the basis of *gender* and national origin.") It is unclear whether this is a typographical

error since the Complaint does not describe or otherwise mention incidents relating to Plaintiff's gender

until these oblique references in the final two causes of action. In any event, Plaintiff may not now raise

claims of gender discrimination because he failed to raise them before the DFEH. *Martin, supra*, 29

Cal.App.4th at 1724 (stating that a FEHA lawsuit is limited to the factual allegations and legal theories in

the employee's DFEH claim). The County moves to dismiss any cause of action for gender

discrimination, harassment or retaliation because Plaintiff failed to exhaust his administrative remedies

by filing a charge with the EEOC and the DFEH on those grounds. *Id.*

### 3.    Plaintiff Improperly Relies on Time-Barred Factual Allegations to Support His FEHA Causes of Action.

Lastly, a party alleging discrimination under the FEHA must file a charge of discrimination with

the DFEH within one year of the allegedly unlawful employment practice. Cal. Gov't. Code § 12960.

Since Plaintiff alleges that he filed charges of discrimination on December 24, 2005 and June 1, 2007,

the first actionable period under the FEHA is December 25, 2004 through December 24, 2005 and the

second actionable period is June 2, 2006 through June 1, 2007. As with the Title VII causes of action,

Plaintiff may not rely on time-barred factual allegations to state a FEHA cause of action against the

County.

### D.    Plaintiff's Prayer for Exemplary or Punitive Damages Must Be Stricken Because Punitive Damages May Not be Assessed Against the County

Plaintiff's prayer for damages, subparagraph d, seeks "exemplary and punitive damages in an

amount to be proven at trial." However, punitive damages are not available against a public entity such

as the County.  Cal. Gov't Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."); *State Personnel Board v. Fair Employment and Housing Comm'n*, 39 Cal.3d 422, 434 (1985) (FEHA); 42 U.S.C. § 1981a(b) (Title VII).  This section of the prayer should be stricken because it is contrary to California law in that it purports to allege liability for punitive damages against the County, a public entity.

**IV.    CONCLUSION**

In light of the foregoing, the County requests dismissal of the Complaint as follows:

(1) The first and second causes of action for national origin discrimination, harassment and retaliation in violation of Title VII on the ground that Plaintiff failed to allege facts that could support a conclusion that he was subjected to discrimination, harassment or retaliation within the statutory time period.  Alternatively, the County moves for a more definite statement regarding Plaintiff's vague and ambiguous harassment and retaliation claims;

(2)  The third and fourth causes of action for gender and national origin discrimination, harassment and retaliation on the ground that Plaintiff failed to establish this Court's jurisdiction over his claims because he did not exhaust his administrative remedies.

The County also requests that the Court strike Plaintiff's prayer for punitive damages which are not allowed against a public entity as a matter of law.

Dated:  October 26, 2007

Respectfully submitted,

MICHAEL P. MURPHY, COUNTY COUNSEL

By: _____
          Claire A. Cunningham, Deputy

Attorneys for Defendant
COUNTY OF SAN MATEO, erroneously sued herein as "San Mateo County Probation Department"

1   MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
    By: V. Raymond Swope III, Deputy (SBN 135909)
2   By: Claire A. Cunningham, Deputy (SBN 226941)
    Hall of Justice and Records
3   400 County Center, 6th Floor
    Redwood City, CA  94063
4   Telephone:  (650) 363-4759
    Facsimile:  (650) 363-4034
5   E-mail:  rswope@co.sanmateo.ca.us

6   Attorneys for Defendants
    COUNTY OF SAN MATEO, erroneously sued herein
7   as "San Mateo County Probation Department"

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  VINCENT OBIAJULU,                    Case No. C 07-03870 CW

13            Plaintiffs,                [PROPOSED] ORDER GRANTING
                                         DEFENDANT COUNTY OF SAN MATEO'S
14       vs.                             MOTION TO DISMISS PLAINTIFF'S
                                         COMPLAINT
15  COUNTY OF SAN MATEO,

16            Defendants.

17

18       Defendant County of San Mateo's Motion to Dismiss Plaintiff's Complaint, or, in the alternative,

19  Motion to Strike and Motion for a More Definite Statement, came on regularly for hearing on December

20  13, 2007, at 2:00 p.m., in Courtroom 2 of the above-entitled court, located at 1301 Clay Street, Oakland,

21  California, the Honorable Claudia Wilken, presiding.  Defendant County of San Mateo (the "County")

22  appeared by and through its attorney Claire A. Cunningham, Deputy County Counsel.  Plaintiff appeared

23  by and through his attorney Lawrence King.

24       The Court, having reviewed the County's Motion, Plaintiff's Opposition, and all papers filed in

25  connection thereto, and having heard the oral argument of the parties, finds that the first and second

26  causes of action for national origin discrimination, harassment and retaliation in violation of Title VII fail

27  to allege facts sufficient to support the causes of action within the statutory time period.  The Court

28  further finds that the third and fourth causes of action for gender and national origin discrimination,

harassment and retaliation fail to allege facts sufficient to support the causes of action because Plaintiff failed to exhaust his administrative remedies.

IT IS THEREFORE ORDERED that the County's Motion to Dismiss Plaintiff's complaint is granted without leave to amend.


Dated: _____          _____

                                                                    Honorable Claudia Wilken