1   **LAWRENCE J. KING (CSB #120805)**
    **6 "C" STREET**
2   **PETALUMA, CA 94952**
    **PHONE: (707) 769-9791**
3   **FAX:      (707) 769-9253**

4   **ATTORNEY FOR PLAINTIFF**
    **VAN A. PENA, PHD., M.D.**
5

6                    **THE UNITED STATES DISTRICT COURT**

7             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

9   **VINCENT OBIAJULU,**                    S   **CASE NO.  C 07-3870 CW**
                                             S
10                   **Plaintiff,**          S   **PLAINTIFF'S STATEMENT OF NON-**
                                             S   **OPPOSITION   TO   DEFENDANT'S**
11  **v.**                                   S   **MOTION  FOR  A  MORE  DEFINITE**
                                             S   **STATEMENT, STATEMENT OF NON-**
12                                           S   **OPPOSITION   TO   DEFENDANT'S**
    **SAN MATEO PROBATION**                  S   **MOTION TO STRIKE THE PRAYER**
13  **DEPARTMENT,**                          S   **FOR  PUNITIVE  DAMAGES,  AND**
                                             S   **OPPOSITION   TO   DEFENDANT'S**
14                                           S   **MOTION TO STRIKE "TIME-BARRED**
                     **Defendant.**          S   **ALLEGATIONS"   AND   OPPOSITION**
15                                           S   **TO   DEFENDANT'S   MOTION   TO**
                                             S   **DISMISS.**
16                                           S
                                             S
17                                           S
                                             S   **Hearing Date:       December 13, 2007**
18                                           S   **Hearing Time:        2:00 p.m.**
                                             S   **Courtroom:           2, 4th Floor**
19                                           S
                                             S   **(The Honorable Claudia Wilken)**
20  _____         S

21

22

23

24

25

26

27
                                          1
28  **PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT,**
    **STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES,**
    **AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS"**
    **AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

1

## TABLE OF CONTENTS

2  I.     PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO
3         DEFENDANTS MOTION FOR A MORE DEFINITE STATEMENT . . . . . . . . - 4 -

       II.    PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO
4             DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR
5             PUNITIVE DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 4 -

6  III.   PLAINTIFF'S OPPOSITION TO
          DEFENDANT'S MOTION TO STRIKE "TIME-BARRED
7         ALLEGATIONS."   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 4 -

8  IV.    PLAINTIFF'S OPPOSITION TO
          DEFENDANT'S MOTION TO DISMISS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

9              A.    The Legal Standard for a 12(b)(6) Motion To Dismiss. . . . . . . . . - 6 -

10             B.    Plaintiff's "Time-Barred Allegations" Bear On His Discrimination
11                   Complaints. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

12             C.    Plaintiff Pled Sufficient Facts to State A *Prima Facie* Claim of
                     Discrimination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

13             D.    Plaintiff Pled Sufficient Facts to State a *Prima Facia* Claim for
14                   Retaliation.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

15             E.    Plaintiff Received Two "Right-to-sue" Letters from the DFEH. . . - 8 -

16 V.     CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -

17

18

19

20

21

22

23

24

25

26

27

28  **PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT,**
    **STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES,**
    **AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS"**
    **AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bennett v. Schmidt,* 153 F3d 516, 518 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

*Cauchi v. Brown*, 51 F.Supp.2d 1014, 1016  (E.D. CA. 1999) . . . . . . . . . . . . . . . . . . . . . . . - 6 -

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994) . . . . . . . . . . . . . . . - 6 --8 -

*Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) . . . . . . . . . . . . . . . . - 6 -

*Lyons v. England*, 307 F.3d 1092, 1109 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . - 5 -, - 7 -

*National R.R. Passenger Corp. v. Morgan* 536 U.S. 101, 113, 122 S.Ct. 2061, 2072 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 5 -, - 6 -

*United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).  . - 5 -, - 6 -

*United States v. Redwood City* 640 F2d 963, 966 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . - 6 -

*United States v. White*, 893 F.Supp. 1423, 1428  (C.D. CA. 1995) . . . . . . . . . . . . . . . . . . . . - 6 -

## FEDERAL STATUTES

Rule 12(b) of the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

Rule 12(e) of the Federal Rules of civil Procedure  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

Rule 12(f) of the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 4 -

Rule 403 of the Federal Rules of Evidence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 5 -

**PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES, AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS" AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

**I.    PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO
        DEFENDANTS MOTION FOR A MORE DEFINITE STATEMENT.**

Plaintiff does not oppose Defendant's motion for a more definite statement.  In fact, Plaintiff's counsel offered to stipulate to amend Plaintiff's complaint to address each of the issues raised in Defendant's motion.  *See* Declaration of Lawrence J. King ("King Decl.").  Defendant's counsel rejected Plaintiff's offer, first insisting that Plaintiff's counsel provide Defendant's counsel a copy of the stipulation, then insisting that Plaintiff's counsel provide Defendant's counsel a copy of the proposed amended complaint, and, finally, insisting that this matter be decided by the Court.

Concurrent with this pleading, Plaintiff is filing a Motion To Amend that provides the clarification that Defendant requested and addresses each of the other issues raised in Defendant's motion for which this Court could possibly provide relief.  The amended complaint:

1.    Alleges specific incidents of discrimination and retaliation in 2005 and 2006 (i.e. within the requisite statute of limitations period);

2.    Alleges the requisite jurisdictional facts in support of Plaintiff's California Fair Employment & Housing Act ("FEHA") claims (i.e. that he filed two FEHA charges and received "right-to-sue" letters concerning each);

3.    Eliminates the claim for gender discrimination; and

4.    Eliminates the prayer for punitive damages.

**II.    PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO
         DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES.**

Plaintiff does not oppose Defendant's motion to strike the prayer for punitive damages. Concurrent with this pleading, Plaintiff is filing a Motion To Amend, with a proposed amended complaint that eliminates the prayer for punitive damages.

**III.    PLAINTIFF'S OPPOSITION TO
          DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS."**

Defendant asks this Court to strike "the time-barred allegations in the complaint." *See e.g.* Def's Mot. 1:8-9.  However, as Defendant admits in its motion, Rule 12(f) only permits the Court to strike "redundant, impertinent or scandalous matter" which "could have no possible bearing on

---

4

1    the subject matter of the litigation." Def's Mot5:23-26. The "time-barred" allegations of

2    discrimination and retaliation in this case clearly are not "redundant, impertinent or scandalous."

3    Moreover, they clearly have bearing on the subject of this litigation.

4        As the United States Supreme Court noted in *National R.R. Passenger Corp. v. Morgan* 536

5    U.S. 101, 113, 122 S.Ct. 2061, 2072 (2002) an employee may use the prior time-barred acts of

6    discrimination as background evidence in support of a timely claim. The Ninth Circuit Court of

7    Appeals, in turn, explained that "the *Evans* majority[1] indicated that a discriminatory act for which

8    the employer's liability is time-barred "may constitute relevant background evidence in a proceeding

9    in which the status of a current practice is at issue." *Lyons v. England*, 307 F.3d 1092, 1109 (9th Cir.

10   2002). The *Lyons* court then went on to examine what standard should govern the admissibility of

11   prior acts of discrimination in a case such as this. *Id* at 1110-113. As part of its analysis, the *Lyons*

12   court pointed out that, in the context of a race-based failure-to-promote claim, evidence occurring

13   outside the limitations period that the employer had rejected, on the basis of race, candidates for

14   promotion is probative of the employer's discriminatory intent. *Id* at 1111, fn. 12. Likewise, the

15   *Lyons* court noted that, in the context of a race-based failure-to-promote claim, evidence occurring

16   outside the limitations period that the employer or its agent made a single derogatory racial remark

17   to the plaintiff may be admitted as relevant evidence of the employer's present discriminatory intent.

18   *Id* at 1111, fn. 12.

19        While this Court eventually may "be required to engage in a *Rule 403* balancing" to

20   determine "the admissibility of evidence of time-barred acts," *Id* at 1111, it would be inappropriate

21   for this Court to strike Plaintiff's allegations of prior incidents of discrimination at this stage of the

22   pleadings.

23   \\

24   \\

25

26

27        [1]    *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

28

**PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT,
STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES,
AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS"
AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

1    **IV.    PLAINTIFF'S OPPOSITION TO**
2    **DEFENDANT'S MOTION TO DISMISS.**

3        **A.    The Legal Standard for a 12(b)(6) Motion To Dismiss.**

4            As Defendant acknowledges, a Rule 12(b) motion based upon a failure to alleges facts upon

5    which relief may be granted, may only be granted if "it appears beyond doubt that the plaintiff can

6    prove no set of facts in support of his claim that would entitle him to relief." Def's Mot. at 5:4-6,

7    citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Moreover, "all

8    allegations of material fact must be taken as true and construed in the light most favorable to the

9    nonmoving party." Def's Mot. at 5:2-4, also citing *Clegg v. Cult Awareness Network*, 18 F.3d 752,

10   754 (9th Cir. 1994).

11           What Defendant fails to inform this Court is that a Rule 12(b)(6) motion for failure to state

12   a claim "is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.,* 108 F.3d

13   246, 249 (9th Cir. 1997)(emphasis added; internal quotes omitted). A 12(b)(6) dismissal is proper

14   only in "extraordinary" cases. *United States v. Redwood City* 640 F.2d 963, 966 (9th Cir. 1981);

15   *Cauchi v. Brown*, 51 F.Supp.2d 1014, 1016 (E.D. CA. 1999); *United States v. White*, 893 F.Supp.

16   1423, 1428 (C.D. CA. 1995) Moreover, there is no justification for Defendant pursuing its motion

17   after Plaintiff offered to amend the complaint to address the deficiencies that Defendant asserted in

18   its motion. *Bennett v. Schmidt,* 153 F3d 516, 518 (7th Cir. 1998) ("Instead of lavishing attention on

19   the complaint until the plaintiff gets it just right, a district court should keep the case moving" by

20   requiring a more definite statement under Rule 12(e).).

21           **B.    Plaintiff's "Time-Barred Allegations" Bear On His Discrimination Complaints.**

22           In the instant case, Plaintiff alleged that he was discriminated against as early as 2001 and

23   as late as 2007. Admittedly, a number of the specific instances of discrimination identified in

24   Plaintiff's original complaint occurred outside the relevant statute of limitations period. However,

25   as discussed above, evidence of these "time-barred" incidents are nonetheless admissible to support

26   Plaintiff's timely discrimination complaints. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct.

27   1885, 52 L.Ed.2d 571 (1977); *National R.R. Passenger Corp. v. Morgan* 536 U.S. 101, 113, 122

28

6

**PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT,
STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES,
AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS"
AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

1    S.Ct. 2061, 2072 (2002); *Lyons v. England*, 307 F.3d 1092, 1109 (9th Cir. 2002).

2            **C.    Plaintiff Pled Sufficient Facts to State A *Prima Facie* Claim of Discrimination.**

3            In his original complaint, Plaintiff listed a number of promotion decision for which he  was

4    not given equal consideration because of his national origin and because he complained about the

5    discrimination to which he was being subjected.  *See e.g.* Complaint ¶ 12. Admittedly, the original

6    complaint did not make clear when these promotions took place.  However, when **considered in the**

7    **light most favorable to Plaintiff**, it can not be said that   **"it appears beyond doubt that the**

8    **plaintiff can prove no set of facts in support of his claim that would entitle him to relief."**

9    *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).   In the course of normal

10   discovery, Plaintiff would be able to establish (1) the dates of the promotions,  a number of which

11   occurred within the relevant limitations period, (2) that Plaintiff was the most qualified candidate,

12   and (3) that those selected were not within Plaintiff's protected class.

13           Moreover, Plaintiff's proposed amended complaint identifies a number of promotions within

14   the relevant limitations period for which he was the most experienced and qualified candidate, but

15   for which he was not selected.  Instead, he makes clear is his proposed amended complaint, less

16   qualified candidates who were not within his protected class were selected or, in some cases, the

17   positions were left vacant.  *See* Amended Complaint ¶¶ 12, 23 & 25.

18           Finally, Defendant admits that Plaintiff identified four positions in his original complaint

19   during the relevant limitations period which he alleges he was denied due to discrimination and

20   retaliation. *See* Complaint ¶ 25.  Defendant asserts that Plaintiff's claims concerning these positions

21   should be dismissed because Plaintiff "does not allege that the positions he applied for went to a

22   member outside the protected class." Def's Mot. 8:4-9.  Once again, the fact that those selected were

23   not  members  of  Plaintiff's  protected  class  would  be  established  during  normal  discovery.

24   Accordingly, when **considered in the light most favorable to Plaintiff**, it can not be said that **"it**

25   **appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that**

26   **would entitle him to relief."**  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

27

28
**PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT,**
**STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES,**
**AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS"**
**AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

1   Moreover, Plaintiff addresses this alleged deficiency in his Amended Complaint.  *See* Amended

2   Complaint ¶ 24.

3          **D.     Plaintiff Pled Sufficient Facts to State a *Prima Facia* Claim for Retaliation**..

4          In his original complaint, Plaintiff alleged that Ms. Calhoun began putting negative material

5   into his personnel file in retaliation for his complaints, after he complained in November, 2004,

6   about the discrimination to which he was being subjected. *See* Complaint ¶ 15.  Plaintiff also alleged

7   that after he filed his original EEOC charge, he was subjected to continuing discrimination and

8   retaliation, including being denied four (4) positions for which he was qualified.  When **considered**

9   **in the light most favorable to Plaintiff**, it can not be said that  **"it appears beyond doubt that the**

10  **plaintiff can prove no set of facts in support of his claim that would entitle him to relief."**

11  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).    In the course of normal

12  discovery, the specific incidents of the continuing discrimination and retaliation about which

13  Plaintiff complains would be identified.  Moreover, Plaintiff provides clarification concerning the

14  retaliation to which he was subjected in his proposed amended complaint. *See* Amended Complaint

15  ¶¶ 14 & 23.

16         **E.     Plaintiff Received Two "Right-to-sue" Letters from the DFEH.**

17         Defendant requests that this Court dismiss Plaintiff state law discrimination and retaliation

18  claims on the ground that he failed to obtain "right-to-sue" letters from the California Department

19  of Fair Employment & Housing ("DFEH").  *See* Def. Mot. 9:5-10:4.  Defendant knew better.  It was

20  sent the same "NOTICE TO COMPLAINANT AND  RESPONDENT" that Plaintiff received on

21  or about January 11, 2006 and June 19, 2007, which were the DFEH "right-to-sue" letters concerning

22  Plaintiff original and second discrimination and retaliation claims filed with that agency.. King Decl.

23  Exh. 2.  Moreover, a simple phone call to Plaintiff's counsel or a request for a production of those

24  letters would have obviated the need for this Court to waste judicial resources on this issue.  Finally,

25  Plaintiff specifically alleges that he received the requisite DFEH "right-to-sue" letters in his proposed

26  amended complaint.  *See* Amended Complaint ¶¶ 22 & 25.

27

28

**PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT,**
**STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES,**
**AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS"**
**AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

1

**V.     CONCLUSION.**

2          For the reasons set forth above, Plaintiff respectfully requests that this Court grant

3   Defendant's motion for a more definitive statement and deny Defendant's motion to strike and to

4   dismiss.

5

6   **Dated: November 20, 2007          LAW OFFICES OF LAWRENCE J. KING**

7

8                                    **By:      S/Lawrence J. King          **
                                          **Lawrence J. King**
9                                         **ATTORNEY FOR PLAINTIFF**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1   LAWRENCE J. KING (CSB #120805)
    6 "C" STREET
2   PETALUMA, CA 94952
    PHONE: (707) 769-9791
3   FAX:     (707) 769-9253

4   ATTORNEY FOR PLAINTIFF
    VAN A. PENA, PHD., M.D.

5

6              THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   VINCENT OBIAJULU,               S   CASE NO.  C 07-3870 CW
                                    S
10            Plaintiff,            S   DECLARATION OF LAWRENCE J.
                                    S   KING IN SUPPORT OF PLAINTIFF'S
11  v.                             S   STATEMENT OF NON-OPPOSITION
                                    S   TO DEFENDANT'S MOTION FOR A
12                                  S   MORE   DEFINITE   STATEMENT,
    SAN MATEO PROBATION            S   STATEMENT OF NON-OPPOSITION
13  DEPARTMENT,                    S   TO   DEFENDANT'S   MOTION   TO
                                    S   STRIKE THE PRAYER FOR PUNITIVE
14                                  S   DAMAGES,  AND  OPPOSITION  TO
              Defendant.            S   DEFENDANT'S MOTION TO STRIKE
15                                  S   "TIME-BARRED    ALLEGATIONS"
                                    S   AND OPPOSITION TO DEFENDANT'S
16                                  S   MOTION TO DISMISS.
                                    S
17                                  S   Hearing Date:     December 13, 2007
                                    S   Hearing Time:     2:00 p.m.
18                                  S   Courtroom:        2, 4th Floor
                                    S
19                                  S   (The Honorable Claudia Wilken)
                                    S
20  _____ S

21       I, Lawrence J. King, declare as follows:

22       1.    I am Plaintiff Vincent Obiajulu's attorney of record in this case and I have personal

23  knowledge of the matters to which I declare herein and would be able to testify to the same if called

24  to do so before this Court.

25       2.    Attached hereto as Exhibit 1 are true and correct copies of the emails that confirm

26  correspondence between myself and opposing counsel concerning Defendant's current motion.

27                                      1
                        KING DECLARATION IN SUPPORT OF
28  PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT,
    STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES,
    AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS"
    AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

1        3.     Attached hereto are as Exhibit 2 are true and correct copies of the January 26, 2007

2    and the  June 19, 2007, DFEH  "right-to-sue" letters.

3        I declare under penalty of perjury under the laws of the State of California that the foregoing

4    is true and correct.

5        DATED:      November 20, 2007           s/ Lawrence J. King

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KING DECLARATION IN SUPPORT OF**
**PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT,**
**STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES,**
**AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS"**
**AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

1                                    EXHIBIT 1A

2

3    Date:            Wed, 14 Nov 2007 11:26:21 -0800 (PST)

4    From:            "Lawrence King" <kingesq@pacbell.net>

5    Subject:         Obiajulu v. San Mateo County

6    To:              rswope@co.sanmateo.ca.us

7    Raymond:

8    Attached is the stipulation that we discussed.  Please review and let me know if you have any
     questions or proposed changes.  If you and your client agree, I will e-file it with the Court once you
9    let me know that it is ok to do so.

10   Thanks.

11   Larry

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                3

EXHIBIT 1B

Date:            Thu, 15 Nov 2007 16:13:37 -0800 (PST)

From:            "Lawrence King" <kingesq@pacbell.net>

Subject:         Obiajulu v. San Mateo County

To:              "Claire Cunningham" <Ccunningham@co.sanmateo.ca.us>


Claire:

Attached is the First Amended Complaint.  I believe it address the points raised in your motion.  For instance,

   1.  it sets forth specific instances of discrimination and retaliation occurring in the relevant time period;

   2. it sets forth that my client received "right-to-sue" letters from the DFEH concerning both of his charges;

   3.   it eliminates any claim for gender discrimination; and

   4.   it eliminates the request for punitive damages.

Please let me know by the end of the business day tomorrow whether or not you are willing to withdraw your motion in light of the amended complaint.

Thanks.

Larry King


Claire Cunningham <CCunningham@co.sanmateo.ca.us> wrote:

   Dear Mr. King:

   This will confirm our telephone conversation this morning in which I explained that we cannot agree to your proposed stipulation without reviewing the amended complaint.  If your amended complaint adequately addresses the issues raised in our motion to dismiss/strike, we would agree to withdraw our motion, but it isn't possible for us to make that decision without first reviewing the amended complaint.  Please feel free to contact me if you have any further questions.

   Very truly yours,

   Claire Cunningham
   Deputy County Counsel
   Telephone:  (650) 363-4795
   ccunningham@co.sanmateo.ca.us

KING DECLARATION IN SUPPORT OF
PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT,
STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES,
AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS"
AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

EXHIBIT 1C

Date:          Fri, 16 Nov 2007 14:20:34 -0800

From:          "Claire Cunningham" <CCunningham@co.sanmateo.ca.us>

To:            "Lawrence King" <kingesq@pacbell.net>

CC:            "Raymond Swope" <RSwope@co.sanmateo.ca.us>

Subject:       Obiajulu v. San Mateo County


Larry:

While we appreciate your decision to eliminate the improper gender-related claims and the request for punitive damages, the draft amended complaint fails to remedy the other deficiencies set forth in our motion to dismiss/strike.  Most notably, you did not delete the time-barred allegations or allege facts sufficient to state causes of action against the County under either Title VII or the FEHA. Consequently, we cannot agree to your proposed stipulation and will await the court's decision on our motion.

Best regards,

Claire A. Cunningham
Deputy County Counsel
Telephone:  (650) 363-4795
ccunningham@co.sanmateo.ca.us

KING DECLARATION IN SUPPORT OF
PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT,
STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES,
AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS"
AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

1

EXHIBIT 2

2

[Hard copies of the January 26, 2007 and the June 19, 2007, DFEH
"right-to-sue" letters are attached to the Court's courtesy copy]

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KING DECLARATION IN SUPPORT OF
PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT,
STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES,
AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE "TIME-BARRED ALLEGATIONS"
AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**