MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: V. Raymond Swope III, Deputy (SBN 135909)
By: Claire A. Cunningham, Deputy (SBN 226941)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4759
Facsimile: (650) 363-4034
E-mail: rswope@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO

LAWRENCE J. KING
Law Offices Of Lawrence J. King
6 "C" Street
Petaluma ,CA 94952
Telephone: 707-769-9791
Facsimile : 707-769-9253
Attorney for Plaintiff:
VINCENT OBIAJULU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT OBIAJULU,<br><br>            Plaintiffs,<br><br>     vs.<br><br>COUNTY OF SAN MATEO,<br><br>            Defendants. | Case No. C 07-03870 EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date: December 13, 2007**<br>**Time: 2:00 p.m.**<br>**Place: Courtroom 2, 4th Floor**<br><br>**The Honorable Claudia Wilken** |

1.      JURISDICTION AND SERVICE:

       This Court has subject matter jurisdiction because some of Plaintiff's claims arise under federal law (i.e. Title VII of the 1964 Civil Rights Act). There is no dispute concerning personal jurisdiction or venue.

2.      FACTS:

Case No. C 07-03870 EMC

PLAINTIFF'S FACTUAL SUMMARY

a.  In May 2001, Plaintiff applied for a Group Supervisor II (GSII) position with the SMCPD.

b.  Although Plaintiff successfully completed and passed all the SMCPD'S hiring requirements for the GSII position, he was offered a GSI position and started working at Camp Glenwood on September 18, 2001 as a GSI.

c.  Throughout the time that Plaintiff has worked at Camp Glenwood, numerous individuals have been promoted into or hired into GSII positions for which Plaintiff contends that he was qualified, but was not given equal consideration because of his national origin and because he complained the discrimination to which he believed he was being subjected. Defendants dispute Plaintiff's contentions.

d.  Plaintiff complained, first internally, and eventually to the United States Equal Opportunity Commission and the California Department of Fair Employment & Housing about the discrimination to which he believed he was being subjected. Plaintiff contends that after he made such complaints he was subjected to further discrimination and was harassed and retaliated against due to his complaints. Defendants dispute Plaintiff contentions.

DEFENDANT'S FACTUAL SUMMARY

a.  Plaintiff was hired as a Group Supervisor I in the Probation Department on September 17, 2001. Plaintiff's first assignment was at the Camp Glenwood Boys Ranch, a juvenile detention facility. He did not apply for any Group Supervisor II position from the date of his hire through March 2004. Further, in accordance with the County's Civil Service Rules, plaintiff was required to formally apply for the position, and to take a competitive examination. Plaintiff never took the competitive examination to complete a formal application through March of 2004. Plaintiff was promoted to Group Supervisor II effective July 23, 2006.

b.  Plaintiff has a history of challenging and intimidating co-workers, use of "bully" tactics,

and outbursts of anger. He has yelled at his superiors, including Cindy Crowe-Urgo, and an institutional services manager. Plaintiff also engaged in a violent physical confrontation with a co-worker.  He was consistently absent from work, and he had a tendency to take sick leave on Sundays.  For example, he has called in sick on four consecutive Sundays (July 10th, 17th, 24th, and 31st, 2005). On several occasions, plaintiff has failed to supervise some of the wards of the court while on duty, including some gang members.  Plaintiff also recklessly drove his county vehicle in excess of the speed limit on more than one occasion.  Overall, plaintiff's performance has been poor. Given his history, he has not conducted himself appropriately to serve in a management/supervisory capacity. He has been disciplined on numerous occasions for his disruptive and unprofessional behavior. Simply put, plaintiff's action is unwarranted, as he has not been a very good employee.

3. LEGAL ISSUES:

  a. Whether Plaintiff was discriminated against because of his national origin?

  b. Whether Plaintiff was retaliated against because he complained about the discrimination to which he believed he was being subjected?

4. MOTIONS:

Defendant filed a motion to dismiss, to strike and for a more definite statement that this Court denied as moot in light of Plaintiff's amended complaint.  The parties anticipate that the following motions may be filed before trial: a motion for summary judgment.

5. AMENDMENT TO THE PLEADINGS:

The parties do not currently anticipate any further amendment to the pleadings, although discovery may reveal the necessity and basis for doing so.

6. EVIDENCE PRESERVATION:

Parties have agreed to make all efforts to preserve evidence.

Case No. C 07-03870 EMC                 3

7. DISCLOSURES:

Parties are exchanging initial disclosures on December 5, 2007.

8. DISCOVERY:

No discovery has been taken to date. The parties anticipate taking the depositions of the individuals disclosed in the initial disclosures, as well as others who may be identified during discovery. In addition, the parties anticipate propounding interrogatories, requests for admissions and document requests as permitted under the Federal Rules of Civil Procedure.

9. CLASS ACTIONS:

This is not a class action suit.

10. RELATED CASES:

There are no related cases.

11. RELIEF:

Plaintiff seeks back pay, as well as damages for emotional distress and damage to his reputation, costs and attorney's fees. His back pay request will be based upon the difference between what he has earned and what he would have earned if promoted during the first opportunity during the relevant limitations period. This calculation cannot be done until further discovery is done.

12. SETTLEMENT AND ADR:

The parties are willing to participate in the Court's Early Neutral Evaluation Program.

13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:

Plaintiff was and is willing to submit this matter to a magistrate judge for all purposes. Defendant County of San Mateo is only willing to submit all discovery matters to a magistrate.

14. OTHER REFERENCES:

No other reference would be appropriate in this case.

15. NARROWING OF ISSUES:

The parties are willing to try to narrow the issues in this case once sufficient discovery has been conducted to evaluate what issues are truly in dispute. The issues may be narrowed by summary judgment.

16.  EXPEDITED SCHEDULE:

The parties do not believe an expedited schedule would be appropriate in this case.

17.  SCHEDULING:

  a.  PLAINTIFF'S PROPOSED SCHEDULE:

   i.  Discovery Deadline: September 11, 2008;[1]

   ii.  Dispositive Motion Hearing Date: October 30, 2008;

   iii.  Expert Disclosures Deadline: November 14, 2008 ;

   iv.  Expert Discovery Deadline: December 19, 2008;

   v.  Settlement Conference Deadline: January 16, 2008;

   vi.  Joint Pretrial Statement: February 3, 2009;

   vii.  Pretrial Conference: February 17, 2009;

   viii.  Jury Trial: February 23, 2009.

  b.  DEFENDANT'S SCHEDULE:

   i.  Discovery Deadline:   January 30, 2009;

   ii.  Expert Disclosures Deadline:   January 30, 2009;

   iii.  Dispositive Motion Hearing Deadline: February 26, 2009;

   iv.  Expert Discovery Deadline:   March 30, 2009;

   v.  Settlement Conference Deadline: March 20, 2009;

---

[1]  Plaintiff's counsel will be unavailable the month of August, 2008.

Case No. C 07-03870 EMC                5

  vi. Joint Pretrial Statement: April 3, 2009;

  vii. Pretrial Conference: April 14, 2009;

  viii. Jury Trial: April 27, 2009.

18. TRIAL:

Plaintiff and defendant have a requested a jury trial.  The parties anticipate that the trial will take ten days.

19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:

There are no non-party interested entities or persons.

20. OTHER MATTERS:

None.

Dated:             Respectfully submitted,

               MICHAEL P. MURPHY, COUNTY COUNSEL


               By:   /s/
                 V. Raymond Swope III, Deputy

               Attorneys for Defendants
               COUNTY OF SAN MATEO

Dated:             LAW OFFICES OF LAWRENCE J. KING


               By:   /s/
                 Lawrence J. King
               Attorney For Plaintiff
               VINCENT OBIAJULU

L:\LITIGATE\O_CASES\Obiajulu\Pleadings\Joint Case Management Statement (FINAL).doc

Case No. C 07-03870 EMC      6