MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: V. Raymond Swope III, Deputy (SBN 135909)
By: Claire A. Cunningham, Deputy (SBN 226941)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4795
Facsimile:  (650) 363-4034
E-mail:  ccuningham@co.sanmateo.ca.us

Attorneys for Defendant
COUNTY OF SAN MATEO, erroneously sued
herein as "San Mateo County Probation Department"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT OBIAJULU,<br><br>         Plaintiff,<br><br>    vs.<br><br>COUNTY OF SAN MATEO<br><br>         Defendant. | Case No. C 07-03870 CW<br><br>**COUNTY OF SAN MATEO'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

  Defendant County of San Mateo, erroneously sued herein as San Mateo County Probation Department ("the County") hereby answers the First Amended Complaint ("the FAC") of Plaintiff Vincent Obiajulu ("Plaintiff") and admits, denies and alleges (in paragraphs corresponding to the paragraphs in the FAC) as follows:

  1.  Whether subject matter jurisdiction exists is a question of law for the Court.  On that basis the County denies the allegations contained in paragraph 1.

  2.  The County admits the allegation contained in paragraph 2.

  3.  The County admits the allegation contained in paragraph 3.

  4.  The County admits that its boundaries are within the Northern District of California.  The County is without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations contained in paragraph 4, and on that basis denies them.

5. The County admits that Plaintiff applied for a Group Supervisor II ("GSII") position with the Probation Department in May 2001.

6. The County admits that one of the educational requirements for a GSII position is a degree from an accredited four year college or university and that one of the educational requirements for a GSI position is completion of at least 60 semester or 90 quarter units from an accredited college or university. The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 6, and on that basis denies them.

7. The County admits that Plaintiff was offered a GSI position on September 17, 2001. The County admits that Plaintiff successfully completed and passed all of the Probation Department's hiring requirements for the GSI position and that Plaintiff started working at Camp Glenwood on September 18, 2001. The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 7, and on that basis denies them.

8. The County admits that Glen Sugiyama was hired a few months later as a GSII. The County is without sufficient knowledge or information to form a belief as to the truth of the allegations that when Plaintiff inquired about Mr. Sugiyama's hiring, he was told by Ms. Crowe-Urgo that she thought his name had expired and was expunged from the list of active candidates and on that basis denies this allegation. The County denies the allegation that "[t]his turned out to be a mistake."

9. The County is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff subsequently learned that Mr. Moore's GSII position might be available and on that basis denies the allegation. The County denies the allegation that Plaintiff requested that he be considered for the GSII position about to be vacated by Mr. Moore in a letter dated January 10, 2001.

10. The County admits that Plaintiff was not promoted during the time period described in paragraph 10 of the Complaint because he did not apply for any promotions. The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10, and on that basis denies them.

11. The County admits the allegation contained in paragraph 11.

12. The County admits that Mr. Brian Barber shadowed Plaintiff as part of his training and

that Mr. Barber was subsequently promoted to GSIII and became one of Plaintiff's supervisors. The County also admits that several other individuals have either been hired or promoted to a GSII or DPO positions since Plaintiff's employment commenced. The County denies that numerous other individuals were promoted over Plaintiff due to his national origin, including but not limited to Marcus Clifford, Wallace Richwood, Sanam Aram, Joaquin Jimenez, Nicholas Haberlach, Sanith Sisavath, Jamie Cuff, Brian Barber, Willie Lopez, Andrea Petty, Nadia Hahn, Tanganiyika Adams, Faviola Jimenez and Robin Pratap. The County denies the allegation that "[t]hough Plaintiff was there when Ms. Cuff was hired, Plaintiff is still a GSI." The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 12, and on that basis denies them.

13. The County denies the allegation that Plaintiff was not given a chance to participate in a staff rotation in the same manner as his co-workers. The County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis denies them.

14. The County denies that Ms. Calhoun "was incensed" by a letter Plaintiff e-mailed to Ms. Crowe-Urgo on November 8, 2004. The County denies that Ms. Calhoun "became very vindictive and malicious towards Plaintiff as a result" of this letter. The County denies that "as part of her retaliation, [Ms. Calhoun] started putting damaging documents in Plaintiff's personnel file without Plaintiff's knowledge or allowing Plaintiff an opportunity to respond." The County denies that Ms. Calhoun "continued placing such documents in Plaintiff's file throughout 2005 and 2006." The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 14, and on that basis denies them.

15. The County denies the allegations contained in paragraph 15.

16. The County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis denies them.

17. The County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17, and on that basis denies them.

18. The County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18, and on that basis denies them.

19. The County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19, and on that basis denies them.

20. The County admits that Plaintiff called David Silberman to discuss his complaints of discrimination and that Mr. Silberman declined to talk to him on the grounds that if Plaintiff were to sue the County, he would have to defend the County. The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 20, and on that basis denies them.

21. The County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21, and on that basis denies them.

22. The County admits that on December 24, 2005, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") which issued a right-to-sue letter on May 18, 2007. The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 22, and on that basis denies them.

23. The County denies the allegations contained in paragraph 23.

24. The County admits that Plaintiff applied for several positions after he filed his original EEOC charge and was not selected. The County denies that Plaintiff was qualified for these positions. The County also denies that the chosen candidates were less qualified than Plaintiff. The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 24, and on that basis denies them.

25. The County admits that Plaintiff filed a second charge of discrimination with the DFEH and the EEOC on June 1, 2007 and that the EEOC issued Plaintiff a right-to-sue letter on July 6, 2007. The County is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 25, and on that basis denies them.

**FIRST AFFIRMATIVE DEFENSE**
(Failure To State A Claim)

As a separate and distinct affirmative defense to the FAC, the County alleges that neither the FAC nor any of its purported causes of action state facts sufficient to constitute a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
(Failure to Exhaust Administrative Remedies)

As a separate and distinct affirmative defense to the FAC, the County alleges that the Plaintiff has failed to exhaust his administrative remedies, including but not limited to those provided by the FEHC, the EEOC and the County's procedures and policies relating to the reporting of discrimination.

**THIRD AFFIRMATIVE DEFENSE**
(Statute of Limitations)

As a separate and distinct affirmative defense to the FAC, the County alleges that the Plaintiff failed to comply with all applicable statutes of limitation, including, but not limited to the following statutes: 42 U.S.C. § 2000e-5(f)(1) (Title VII) and Cal. Gov. Code § 12965(b) (the FEHA).

**FOURTH AFFIRMATIVE DEFENSE**
(Good Faith)

As a separate and distinct affirmative defense to the FAC, the County alleges that all acts of the County that may have affected the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity.

**FIFTH AFFIRMATIVE DEFENSE**
(Willful Misconduct)

As a separate and distinct affirmative defense to the FAC, the County alleges that the Plaintiff is barred from recovery based upon his own willful misconduct.

**SIXTH AFFIRMATIVE DEFENSE**
(After-Acquired Evidence)

As a separate and distinct affirmative defense to the FAC, the County alleges that Plaintiff's claims are barred either in whole or in part by the doctrine of after-acquired evidence.

**SEVENTH AFFIRMATIVE DEFENSE**
(Reasonable Investigation and Response)

As a separate and distinct affirmative defense to the FAC, the County alleges that it conducted a reasonable investigation into Plaintiff's complaints and responded appropriately.

**EIGHTH AFFIRMATIVE DEFENSE**
(Unclean Hands and Employee Misconduct)

As a separate and distinct affirmative defense to the FAC, the County alleges that Plaintiff is

barred from relief because he has unclean hands or otherwise engaged in conduct that would have supported discipline.

**NINTH AFFIRMATIVE DEFENSE**
(Failure to Mitigate Damages)

As a separate and distinct affirmative defense to the FAC, the County alleges that Plaintiff failed to mitigate any or all of the damages alleged in the FAC, and is thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on the Plaintiff's part.

**TENTH AFFIRMATIVE DEFENSE**
(Laches)

As a separate and distinct affirmative defense to the FAC, the County alleges that all or some of the causes of action are barred by the doctrine of laches.

**PRAYER**

WHEREFORE, the County prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of the FAC;

2. That all costs of suit, including attorneys' fees, be awarded to the County;

3. That judgment be entered in favor of the County; and

4. That this Court award such further relief it deems just and proper.

Dated:  December 12, 2007                     Respectfully submitted,

MICHAEL P. MURPHY, COUNTY COUNSEL


By: _____/s/_____
        Claire A. Cunningham, Deputy

Attorneys for Defendant
COUNTY OF SAN MATEO, erroneously sued herein as "San Mateo County Probation Department"

//
//
//

**DEMAND FOR JURY TRIAL**

The County hereby demands trial by jury.

Dated:  December 12, 2007

Respectfully submitted,

MICHAEL P. MURPHY, COUNTY COUNSEL

By: _____/s/_____
Claire A. Cunningham, Deputy

Attorneys for Defendant
COUNTY OF SAN MATEO, erroneously sued herein as "San Mateo County Probation Department"

L:\LITIGATE\O_CASES\Obiajulu\Pleadings\Answer and demand for jury trial.doc