1  MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
   By: Eugene Whitlock, Deputy (SBN 237797)
2  By: Claire A. Cunningham, Deputy (SBN 226941)
   Hall of Justice and Records
3  400 County Center, 6th Floor
   Redwood City, CA  94063
4  Telephone: (650) 363-4795
   Facsimile:  (650) 363-4034
5  E-mail:  ccunningham@co.sanmateo.ca.us

6  Attorneys for Defendant
   COUNTY OF SAN MATEO
7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
   VINCENT OBIAJULU,                    Case No. C 07-03870 JCS
12
              Plaintiffs,               **STIPULATED PROTECTIVE ORDER**
13
        vs.
14
   COUNTY OF SAN MATEO,
15
              Defendant.
16

17       Subject to the approval of this Court, the parties hereby stipulate to the following protective

18  order:

19       1.      In connection with discovery proceedings in this action, the parties may designate any

20  document, thing, material, testimony or other information derived therefrom, as "Confidential" under the

21  terms of this Stipulated Protective Order (hereinafter "Order").  Confidential information is information

22  which has not been made public and which concerns or relates to County recruitment files and job

23  applications, the disclosure of which information may have the effect of unduly invading privacy rights

24  of individuals.

25       By designating a document, thing, material, testimony or other information derive therefrom as

26  "Confidential," under the terms of this order, the party making the designation is certifying to the court

27  that there is a good faith basis both in law and in fact for the designation within the meaning of Federal

28  Rule of Civil Procedure 26(g).

Case No. C 07-03870 JCS
STIPULATED PROTECTIVE ORDER

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Personal identifying information such as names, addresses, social security numbers, telephone numbers, etc., shall be redacted from confidential documents before they are produced to protect the privacy rights of individuals.

4. Testimony taken at a deposition, conference, hearing or trial may designated as ^or, with Court permission confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of

Case 3:07-cv-03870-JCS   Document 39   Filed 07/23/2008   Page 3 of 5

1 which shall be provided forthwith to counsel for each other party and for the parties.

2     7. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential - - Subject to Court Order" and filed under seal until further order of this Court. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

    8. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

    9. This Order shall be without prejudice to the right of other parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

    10. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

    11. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or

1 | shall certify the destruction thereof.
2 |
3 | **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**
4 | Dated: 7/22/08                MICHAEL P. MURPHY, COUNTY COUNSEL
5 |
6 |                               By: /s/ Claire C. Cunningham
7 |                                   Claire A. Cunningham, Deputy
8 |                               Attorneys for Defendant
9 |                               COUNTY OF SAN MATEO
10 | Dated: 7/22/08               LAW OFFICES OF LAWRENCE J. KING
11 |
12 |                              By: /s/ Lawrence J. King
13 |                                  Lawrence J. King
14 |                              Attorneys for Plaintiff
15 |                              VINCENT OBIAJULU
16 | **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
17 |
18 | Dated: July 23, 2008
19 |                              _____
20 |                              United States Judge Joseph C. Spero

Case No. C 07-03870 JCS            4
STIPULATED PROTECTIVE ORDER

Attachment A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on July ___, 2008 in the case of *Obiajulu v. County of San Mateo*, Case No. C 07-03870 JCS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

L:\LITIGATE\O_CASES\Obiajulu\Pleadings\stipulated protective order.doc